UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

DARRELL RASHARD EWING,

        Defendant.
_____/

No. 11-20178

District Judge Patrick J. Duggan

Magistrate Judge R. Steven Whalen

**OPINION AND ORDER**

Before the Court is Defendant Darrell Ewing's post-conviction motion for discovery [Doc. #268], which has been referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons discussed below, the motion will be DENIED.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Following his guilty plea to the charge of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, 21 U.S.C. §§ 846, 841, Defendant was sentenced to 180 months incarceration, to be followed by three years supervised release. Although there was an appeal waiver provision in his plea agreement, Defendant filed a notice of appeal. While the appeal was pending, Defendant filed the present motion, requesting production of statements taken by F.B.I. agents and Task Force agents with regard to a homicide case (the "J.B. Watson homicide") in Wayne County Circuit Court. In that case, a jury had convicted Defendant of first-degree murder, resulting in a

state sentence of non-parolable life imprisonment.

Defendant had first raised the issue of information about the homicide case at his sentencing in this case, indicating that it might be useful for the appeal of his murder conviction. He premises this motion on Rule 16 of the Federal Rules of Criminal Procedure and on the Due Process Clause.

Following argument on this motion, the Court directed supplemental briefing, including argument on the issue of whether the Court has jurisdiction under *United States ex rel Touhy v. Ragan*, 340 U.S. 462 (1951), to order discovery of documents in the possession of F.B.I. agents.

On August 29, 2013, the Michigan Court of Appeals affirmed Defendant's murder conviction in an unpublished *per curiam* opinion. *People v. Ewing*, Mich. Ct.App. No. 301751. One of Defendant's arguments on appeal was that he was entitled to a new trial, or at least an evidentiary hearing regarding newly discovered evidence, based on an affidavit of one Tyree Washington, who stated that he, Washington, murdered J.B. Watson, and that Defendant and his co-defendant Derrico Searcy were not present at the crime. However, the Court of Appeals rejected that argument, finding that the evidence was not "newly discovered," and that Washington's alleged role in the offense and his inculpatory statements to federal agents were known to, and actually used by defense counsel at the murder trial. The Court of Appeals held as follows:

> "In this instance, Washington's assertion that he was the perpetrator of this crime is not newly discovered. Extensive testimony was elicited at trial from Christopher Richardson and La Joia Stevenson indicating

Washington's assertions of guilt for the death of Watson.  Defense counsel was informed by the prosecutor that Washington was in federal custody and had implicated himself in this murder.  Defense counsel was clearly aware of Washington's proposed testimony at the time of trial and the information was used, in part, to buttress Ewing's alibi defense that he was elsewhere at the time of the homicide.  As such, it cannot be construed as newly discovered."[1]

On November 26, 2013, the Sixth Circuit affirmed Defendant's conviction, holding that the guilty plea was knowing and voluntary, and the sentence did not exceed the sentencing ranged agree to in the Rule 11 plea agreement.  Hence, the Defendant was subject to the plea-waiver provision of the plea agreement. *See* Doc. #335.

## II.   DISCUSSION

### A.   Rule 16

Fed.R.Crim.P. 16 is the principal mechanism for discovery in federal criminal cases.  Upon request, Rule 16 requires the government to "permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items." Fed.R.Crim.P. 16(a)(1)(E). But this obligation does not arise unless "the item is within the government's possession, custody, or control *and:* (i) *the item is material to preparing the defense*; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." *Id* (emphasis added). *See also U.S. v. U.S. Dist. Court for Eastern Dist. of Mich., Southern Div.*, 444 F.2d 651, 674 (6th Cir.

---

[1] Christopher Richardson, who testified at the homicide trial, is one of the agents from whom Defendant seeks discovery.

1971)("Rule 16 of the Federal Rules of Criminal Procedure relating to pretrial discovery permits discovery only of evidence which is relevant and material.").

Apart from the question of whether Rule 16 entitles the Defendant to post-plea and post-sentencing discovery[2], information as to his state homicide case has no relevance to the drug charge to which he pled guilty. Nor, given the plea, does the government intend to use the evidence in its case-in-chief. Defendant has no entitlement to this information under Rule 16.[3]

### B. Jurisdiction / Touhy Hearing

---

[2] *See Hawkes v. Internal Revenue Service*, 467 F.2d 787, 793 (6th Cir. 1972), where the Court, refusing to allow discovery for a convicted defendant, stated, "It seems clear that now, months after that sentence was pronounced, the discovery process, designed to help a defendant prepare for trial, is unavailable...." (Citing *United States v. Kessler*, 253 F.2d 290, 292 (2nd Cir. 1958)).

[3] Nor would Defendant be entitled to the documents under Fed.R.Crim.P. 17, which provides for subpoenas directed to third parties in criminal cases. Rule 17 also requires that the subpoenaed evidence be relevant to the charged offense. In *United States v. Llanez-Garcia*, 735 F.3d 483, 493 -494 (6th Cir. 2013), the Court held as follows:

> "To contain the danger that criminal defendants might misuse Rule 17(c) to expand the scope of discovery, the Court in *United States v. Nixon* held that a defendant could subpoena materials using a Rule 17(c) subpoena only if four conditions are met. 418 U.S. 683, 699, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). First, *the items must be evidentiary and relevant*. *Id.* Second, the items may not be otherwise procurable through due diligence prior to trial. *Id.* Third, the requesting party must be unable to properly prepare for trial without such pre-trial production and inspection. *Id.* And, finally, the application must be made in good faith and not amount to a "fishing expedition." *Id.* (Emphasis added).

In *United States ex rel Touhy v. Ragan*, 340 U.S. 462 (1951), the Supreme Court upheld a Department of Justice ("DOJ") regulation prohibiting its employees from responding to a subpoena absent permission from superiors. "*Touhy* is part of an unbroken line of authority which directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations." *Boron Oil Company v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989). The DOJ regulations pertinent to this case are found at 28 C.F.R. §§ 16.21-29. Section 16.22 prohibits a DOJ employee from responding to a document subpoena "without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25." Under the Regulations, the decision to authorize disclosure is entrusted to the United States Attorney.

In fact, the *Touhy* procedure was invoked in the state homicide case, and a number of documents were produced prior to trial relative to Tyree Washington's confession to the homicide. Defendant's counsel had the opportunity to interview F.B.I. Agent Allen and Task Force Officer Herzoz, both of whom were made available to testify at trial. Agent Richardson was also interviewed, and reports of interviews with Washington were produced. Richardson also testified at trial, as set forth in the Court of Appeals opinion affirming Defendant's murder conviction.

Counsel for state court co-defendant Searcy indicated that he had interviewed one Adrienne Allen-Jackson, who stated that she was present with Washington and William Beal at the time of the murder, and that Searcy and Defendant were not present.

However, although she was subpoenaed, Allen-Jackson failed to appear at trial. After trial, counsel for Defendant sought F.B.I. reports of interviews with Allen-Jackson. That request was denied.[4]

It appears that in the course of the state court proceedings, Defendant obtained much, but not all of the *Touhy* material he seeks in the present motion. However, to the extent that he seeks additional material, such as information regarding F.B.I. interviews with Allen-Jackson, this unrelated federal criminal case is not the proper vehicle to obtain production. Rather, "the Administrative Procedure Act provides an appropriate procedure for judicial review of a decision by a federal agency to withhold investigation materials from a state criminal defendant, in which the state criminal defendant can proffer any perceived rights to the file materials under the constitutional principles set forth in *Brady* and its progeny." *Kasi v. Angelone*, 300 F.3d 487, 506 (4th Cir. 2002), citing *United States v. Williams*, 170 F.3d 431, 434 (4th Cr. 1999)("[t]he proper method for judicial review of the agency's final decision pursuant to its regulations is through the Administrative Procedure Act ('APA')."). *See also United States. v. Threet*, 2011 WL 5865076, *1 -2 (E.D.Mich. 2011)(Ludington, J.)("[I]f Defendant is dissatisfied with the DEA's response to his *Touhy* request, his remedy is an action against the DEA pursuant to the Administrative Procedures Act, and not pursuant to a motion to compel.")(citing *Boeh v. Gates,* 25 F.3d 761, 763–767 (9th Cir.1994)); *Taylor v. Countrywide Home Loans*,

---

[4] Exhibits A through P of the government's supplemental brief (filed under seal) document the *Touhy* requests and responses in the state court homicide case [Doc. #106].

2009 WL 1913417, *6 (E.D.Mich. 2009)(Hluchaniak, M.J.)("Administrative Procedures Act (APA) provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas"); *Chen v. Ho,* 368 F.Supp.2d 97, 98 (D.D.C.2005) ("when a federal agency, pursuant to so-called *Touhy* regulations, prohibits its employees from responding to a subpoena ad testificandum without agency approval and declines to grant that approval in a given case, the requesting party must then proceed under the APA, and a federal court will review the agency's decision under an 'arbitrary and capricious' standard.").

Therefore, in the context of the present federal criminal case, this Court does not have jurisdiction to review Defendant's challenge to the government's refusal to comply with his *Touhy* request. Rather than bringing a criminal discovery motion in an unrelated federal case, Defendant's remedy lies within the Administrative Procedures Act, 5 U.S.C. § 702.

### III. CONCLUSION

Accordingly, Defendant's motion for discovery [Doc. #268] is DENIED.

IT IS SO ORDERED.


Dated: January 3, 2014            s/R. Steven Whalen
                                  R. STEVEN WHALEN
                                  UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 3, 2014, electronically and/or by U.S. mail.

                                            s/Michael Williams
                                            Case Manager to the
                                            Honorable R. Steven Whalen