UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DARRELL RASHARD EWING,

        Defendant.

                              /

Case No. 2:11-cr-20178-08

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING
DEFENDANT'S EMERGENCY MOTION
FOR COMPASSIONATE RELEASE [503]
AND DENYING DEFENDANT'S EMERGENCY
MOTION FOR APPOINTMENT OF COUNSEL [506]**

In 2010, Defendant was convicted by a jury in Wayne County Circuit Court of first-degree murder and other crimes. *See People v. Searcy*, Nos. 301751 and 301758, 2013 WL 4609125, at *1 (Mich. Ct. App. Aug. 29, 2013). Defendant was sentenced by the state court to life imprisonment. *Id.* Then, on November 5, 2012, Defendant pleaded guilty before United States District Judge Patrick J. Duggan to one count of conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846. ECF 217. On January 29, 2013, Judge Duggan sentenced Defendant to 180 months' imprisonment to run concurrently with the state sentence he received for the 2010 murder conviction. ECF 262, PgID 2954.

On February 10, 2015, Defendant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, that challenged his state conviction and sentence. *See Ewing v. Horton*, No. 2:15-CV-10523, 2017 WL 5564603 (E.D. Mich. Nov. 20, 2017).

1

Chief Judge Hood granted Defendant's habeas petition on November 20, 2017, and found that the jury in his state case was exposed to extraneous information that was not harmless. *Id.* at *7–8. Respondent in that action appealed, and the Sixth Circuit reversed and remanded the petition to Chief Judge Hood to issue an amended order conditioning the grant of habeas relief on the state trial court conducting an evidentiary hearing. *See Ewing v. Horton*, 914 F.3d 1027, 1034 (6th Cir. 2019). Accordingly, on April 30, 2019, Chief Judge Hood amended the order, denied the petition as to the other claims, and provided a 120-day deadline for the state court to hold an evidentiary hearing. *See Ewing v. Woods*, No. 2:15-CV-10523, 2019 WL 1923197, at *7 (E.D. Mich. Apr. 30, 2019).

The state court held an evidentiary hearing on August 26, 2019, ECF 477, PgID 4791, and ordered a new trial, ECF 508-2. The state appealed, and the appeal remains pending. *Id.* The state has indicated that it intends to appeal further, if needed, and will retry Defendant. *See* ECF 508, PgID 5442–43. Pending the outcome of the appeal and potentially the new trial, Defendant is being held at a state prison, Lakeland Correctional Facility. *Id.* at 5443. But the clock on his concurrent federal sentence has already begun to run. *See* ECF 262; ECF 508-4.

On May 21, 2020, Defendant filed an emergency motion for compassionate release on his federal sentence pursuant to 18 U.S.C. § 3582(c). ECF 503. The bulk of Defendant's motion is spent on the issues relating to the interplay of his state and federal cases, which has no bearing on the present motion for compassionate release.

As to his compassionate release request, Defendant argued that he tested positive for COVID-19 and is not receiving adequate care. *Id.* at 5392–93.

As an initial matter, the Government argued that the motion is premature because Defendant is not currently in a federal facility. ECF 508, PgID 5444. But the cases the Government cited to support that proposition all involved defendants who had not yet begun serving their federal sentences. *See id.* (citing *United States v. Konny*, No. 19-cr-283, 2020 WL 2836783, at *2 (S.D.N.Y. May 30, 2020); *United States v. Spruill*, No. 18-cr-0022-10, 2020 WL 2113621, at *3 (D. Conn. May 4, 2020); *United States v. Tillisy*, No. cr13-310, 2020 WL 1904045, at *2 (W.D. Wash. Apr. 17, 2020)). Here, Defendant is indeed serving his federal sentence, so the motion is not premature. But a motion to reduce sentence filed by prisoner serving concurrent state and federal sentences will do nothing to affect his confinement related to his state case. Here, Defendant will remain in state custody pursuant to court orders from the state court while any appeals are resolved and any new trial is completed—without regard to how the Court resolves the present motion.

Moreover, the compassionate release provision of the First Step Act permits the Court to modify Defendant's sentence only if: (1) he exhausted all administrative remedies, or (2) he requested that the Bureau of Prisons ("BOP") bring a motion on his behalf and thirty days lapsed after his request. 18 U.S.C. § 3582(c)(1)(A). Because Defendant is not housed at a BOP facility, any request to the BOP would be fruitless. But the Court is satisfied that Defendant met the exhaustion requirement when he

3

petitioned the warden and received no response within 30 days. *See United States v. Lopez*, No. 18-cr-2846, 2020 WL 2489746, at *2 (D.N.M. May 14, 2020).

Defendant's motion fails, though, on the merits. For compassionate release, Defendant must demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c). Section 1B1.13 of the Sentencing Guidelines provides some guidance about what constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Those reasons are classified in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three categories. *Id.* at cmt. n.1(A)–(D).

Here, Defendant failed to show any "extraordinary and compelling reasons" to warrant his release. Although Defendant stated that he tested positive for COVID-19, he has no underlying conditions that place him at a high risk of serious illness or complications related to his contraction of the virus. And he provided no evidence that he has suffered from any serious symptoms or problems related to his diagnosis. Defendant will seemingly continue to recover from COVID-19 and will be unlikely to be re-infected. *See United States v. Bland*, Case No. 18-cr-20555, ECF 44, PgID 269 (E.D. Mich. May 28, 2020) (noting that it is unlikely that an individual who has recovered from COVID-19 will be re-infected). The Court will therefore deny Defendant's motion for compassionate release.

Defendant also filed an emergency motion for appointment of counsel to assist in his compassionate release request. ECF 506. There is "no general constitutional

right to appointed counsel in post-conviction proceedings," "including proceedings under 18 U.S.C. § 3582(c)." *United States v. Oliver*, No. 17-cr-41-3, 2020 WL 2310391, at *3 (E.D. Tenn. May 8, 2020) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) and *United States v. Bruner*, No. 5:14-cr-05, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017)). But "the Court has the discretion to appoint counsel if the interests of justice so require." *Id.* (citing 18 U.S.C. § 3006A). Here, Defendant has not raised any meritorious claim for compassionate release. The appointment of counsel is therefore unnecessary. The Court will deny Defendant's motion for appointment of counsel.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's emergency motion for compassionate release [503] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's emergency motion for appointment of counsel [506] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 9, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 9, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager