UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No. 2:11-cr-20178-08

HONORABLE STEPHEN J. MURPHY, III

v.

DARRELL RASHARD EWING,

          Defendant.

                                        /

**OPINION AND ORDER
DENYING DEFENDANT'S RENEWED
MOTION FOR COMPASSIONATE RELEASE [525],
MOTION FOR EXTENSION OF TIME [528], AND THIRD
MOTION FOR COMPASSIONATE RELEASE AND RESENTENCING [530]**

Before the Court are three separate motions from Defendant Darrell Rashard Ewing. ECF 525;528;530. The Court previously denied a similar motion for compassionate release and appointment of counsel in July 2020 as premature because Defendant is not housed in a Bureau of Prisons ("BOP") facility and therefore any request for release from BOP would be futile. ECF 513. Now, Defendant moves again for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). ECF 530, PgID 5827–31.[1] Defendant also believes he should be resentenced because the United States Sentencing Guidelines Manual has been lowered since his initial sentencing. *Id.* at 5835–37. The Government argued in response that Defendant's motion is still moot because he remains in Michigan's custody, rather than the BOP.

---

[1] The Court will consider ECF 530 as amended motion to ECF 525.

1

ECF 529, PgID 5771–72. And the Government argues there is no medical basis for Defendant's refusal to be vaccinated and that the Court should not exercise its discretion to resentence Defendant. ECF 533, PgID 5865. The Court has reviewed the briefs for the pending motions, the multitude of letters sent on Defendant's behalf, and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will deny Defendant's pending motions.

I. <u>Motion for Compassionate Release</u>

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the BOP to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). It is Defendant's burden to establish that he has exhausted all his administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted). Here, Defendant merely asserted that he "has requested compassionate release from the Warden and has been denied," but has offered no evidence of this request. ECF 530, PgID 5828. The simple conclusory assertions that Defendant exhausted his remedies are insufficient. The Court will therefore deny Defendant's motion for compassionate release, ECF 525, and third motion for compassionate release, ECF 530. The Court will also dismiss Defendant's motion for

extension of time to respond, ECF 528, as moot because the underlying motion is denied.

Upon the filing of proper documents establishing exhaustion of administrative remedies, the Court expects the Government and Defendant's counsel to thoroughly brief two issues: (1) whether the Court has jurisdiction to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A) to a person incarcerated in a state facility while serving a concurrent federal sentence, and (2) whether exhaustion of administrative remedies within a state prisoner's facilities without contacting the BOP is sufficient under the First Step Act.

II.  Motion for Resentencing

Defendant also moves for resentencing based on an alleged change in the Sentencing Guidelines that potentially lowered his original sentencing guideline range in federal court. ECF 530, PgID 5835–37. The Court will decline to address this motion at this time and deny without prejudice given the imminence of Defendant's retrial in Michigan state court. Once the state court enters judgment, Defendant is granted leave to file an additional motion for resentencing.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motions for compassionate release [525, 530] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for an extension of time to respond [528] is **DENIED** as moot.

3

**IT IS FURTHER ORDERED** that Defendant's motion for resentencing is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

                                                s/ Stephen J. Murphy, III
                                                STEPHEN J. MURPHY, III
                                                United States District Judge

Dated: August 12, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2021, by electronic and/or ordinary mail.

                                                s/ David P. Parker
                                                Case Manager