UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No. 2:11-cr-20178-08

HONORABLE STEPHEN J. MURPHY, III

v.

DARRELL RASHARD EWING,

          Defendant.

                                    /

## OMNIBUS OPINION AND ORDER

The Court has denied Defendant Darrell Rashard Ewing's motions for compassionate release because he has failed to exhaust his administrative remedies. ECF 513; 534. Defendant has moved again for compassionate release. ECF 536. In the motion, Defendant pointed out that he need not exhaust his administrative remedies because he is not in the custody of the Bureau of Prisons ("BOP"). *Id.* at 5884–87. Defendant also suggested that the Court has jurisdiction to grant compassionate release even though he is not in BOP custody. *Id.* at 5887–88. The Government disagreed. ECF 529, PgID 5772–76. To complicate the issues, "[t]he Sixth Circuit has not yet addressed whether a court can adjudicate a compassionate release motion prior to the defendant being in BOP custody, and district courts that have addressed this issue have reached different conclusions." *United States v. Maxwell*, ---F. Supp. 3d---, 2021 WL 4776012, at *3 (S.D. Ohio 2021) (collecting cases).

What is more, Defendant sought compassionate release and resentencing based on three factual and legal developments. First, his concurrent state conviction

1

was vacated. ECF 536, PgID 5890. Second, recent retroactive and non-retroactive amendments to the Sentencing Guidelines would reduce his Guideline sentence range. *Id.* at 5890–91; ECF 538, PgID 5921.[1] And third, Defendant cannot receive the COVID-19 vaccine based on his religious objections and health history. ECF 536, PgID 5890.

Since the parties' briefing, a Sixth Circuit panel held that "a court may consider a nonretroactive change in the law as one of several factors forming extraordinary and compelling circumstances qualifying for sentence reduction" under the First Step Act. *United States v. McCall*, 20 F.4th 1108, 1116 (6th Cir. 2021). But the entire Sixth Circuit vacated the decision and agreed to hear the case en banc. *United States v. McCall*, 29 F.4th 816, 817 (6th Cir. 2022) (mem.). Besides *McCall*, Wayne County prosecutors are retrying Defendant on the vacated state conviction. ECF 533, PgID 5870.

Simply put, Defendant's motion for compassionate release and resentencing is affected by emerging legal and factual issues that complicate the relief the Court should grant, if any relief is warranted. Given the unique situation, the Court will appoint counsel from the Federal Community Defenders Office to represent Defendant for his compassionate release and resentencing motions. And as a result, the Court will deny the present motions without prejudice.

---

[1] The Government has conceded that Defendant is eligible for a reduction based on one amendment but not the non-retroactive amendments. ECF 533, PgID 5866, 5869.

The Court expects that Defendant's appointed counsel will file a new motion for compassionate release and resentencing after the en banc Sixth Circuit issues a ruling in *McCall*. The Court also expects that Defendant's appointed counsel and the Government will brief the Court on the unresolved exhaustion and jurisdictional issue identified in *Maxwell* and any COVID-19 concerns that warrant compassionate release.

Last, the Court advises Plaintiff that all filings related to his compassionate release and resentencing motions must be filed by his appointed counsel. Any new pro se filings related to the motions will be stricken.

**WHEREFORE**, it is hereby **ORDERED** that the renewed motion for compassionate release [536] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion for judicial notice [537] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Federal Community Defender is **APPOINTED** to represent Defendant for the compassionate release and resentencing motions as described above.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 9, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager